UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | No. 1:23-cr-00135 (DLF) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SAMUEL ROACH, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S REPLY IN SUPPORT OF
MOTION TO ADMIT EVIDENCE OF PRIOR BAD ACTS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the undersigned Assistant United States Attorney, files this reply in support of its Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) (the "404(b) Notice") [ECF No. 18].[1] Defendant Samuel Roach is charged in a two-count indictment with violations of 18 U.S.C. § 922(g)(1) and 22 D.C. Code § 4503(a)(1).

In advance of trial, currently set for September 18, 2023, and consistent with this Court's scheduling order, the Government filed its 404(b) Notice indicating its intent to introduce evidence of the Defendant's prior bad acts, including most relevant to this pleading, the Defendant's prior illegal firearms conviction in 2016. The Defendant's response, in essence, seeks to exclude evidence of similar prior bad acts because it is "highly prejudicial," in light of "ample other evidence to reply upon" to prove the Defendant's knowing possession of a firearm. ECF No. 22,

---

[1] Although Defendant's response [ECF No. 22] is styled as a response to the Government's notice of intent to introduce evidence pursuant to both Federal Rules of Evidence 404(b) and 609, the substance of Defendant's response only addresses the former category of evidence, but for a fleeting argument that the Government's intent to introduce evidence of the Defendant's prior felony conviction is premature because he anticipates stipulating to such facts. No such stipulation has been made as of the date of this Reply. Even were it, the Government is still permitted to introduce such evidence. *See United States v. Crowder*, 141 F.3d 1202, 1205-09 (D.C. Cir. 1998) (en banc); *see also Old Chief v. United States*, 519 U.S. 172, 186-89 (1997) ("the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away.").

at 3. The availability of other evidence to the Government is not the legal standard for admissibility; the Government's 404(b) Notice is properly granted.

## BACKGROUND

As detailed at length in the Government's 404(b) Notice, the Defendant is charged in connection with an April 17, 2023 arrest where the Defendant was found by law enforcement officers at the scene of a shooting in Southeast Washington, D.C. Incident to the encounter, law enforcement officers saw the Defendant open the passenger door of a vehicle, reach into the floorboard area of the passenger seat and appear to put down an object, close the door, and walk towards a law enforcement officer.

The vehicle was then approached by the law enforcement officer after the Defendant denied placing anything in the vehicle, and a loaded and chambered Glock 22 .40 caliber handgun was seen in plain view in the area of the vehicle where the Defendant had appeared to place an object just moments prior. The Defendant has pleaded not guilty, and in his filings, has suggested that he did not possess the discovered firearm. *See* ECF No. 19, at 1 (in characterizing the above-described incident, the Defendant states that "apparently, the police heard gunshots and responded to the area. Upon arrival, the police noticed a group of people and approached a silver Hyundai.").

## LEGAL STANDARD

In arguing that certain evidence should be excluded at trial as either irrelevant or prejudicial, the Defendant overlooks that "Rules 401 and 402 establish the broad principle that relevant evidence—evidence that makes the existence of any fact at issue more or less probable—is admissible unless the Rules provide otherwise." *Huddleston v. United States*, 485 U.S. 681, 687 (1988). Both categories of evidence Defendant seeks to bar are relevant to one or more elements of the case and thus should not be excluded. Defendant's arguments regarding prejudice are

similarly unfounded. Rule 403 "establishes a high barrier to justify the exclusion of relevant evidence," requiring a movant to show the evidence's probative value is *substantially* outweighed by its prejudicial effect. *United States v. Lieu*, 963 F.3d 122, 128 (D.C. Cir. 2020); *see also United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979), *cert. denied*, 444 U.S. 862 (1979) ("Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403 . . . the application of Rule 403 must be cautious and sparing."). Because neither category of evidence sought to be excluded by the Defendant is unfairly prejudicial, Rule 403 does not bar the Government from using it.

## **ARGUMENT**

Defendant seeks to exclude testimony or corresponding introduction of evidence of his prior bad acts as unduly prejudicial under Federal Rule of Evidence 403. ECF No. 22, at 3-4. As a preliminary matter, the Government notes that it has already limited itself exclusively to the Defendant's prior 2015 firearms **conviction**. A closer inspection of the Defendant's criminal history reveals four prior firearms-related arrests (separate from this incident), which is also probative under Rule 404(b) to show absence of mistake or lack of knowledge. *See*, *e.g.*, *United States v. Moore*, 75 F. Supp. 3d 444, 451-52 (D.D.C. 2014) (Bates, J.); *United States v. Brown*, 845 F. App'x. 1, 5 (D.C. Cir. 2021). Nevertheless, in consideration of the balancing requirements of Rule 404(b), the Government has limited itself exclusively to the Defendant's prior firearms conviction. In so doing, the Government's 404(b) Notice properly considers that under Rule 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

To this end, the critical questions at trial are knowledge and intent: did the Defendant knowingly possess the firearm discovered in the vehicle? Here, the Defendant's prior firearms conviction is highly relevant to his intent in this case. The issue of intent is critical in a constructive possession case such as this, because "a successful conviction for constructive possession requires proof of a mental element (knowing possession), as well as a physical element (dominion and control)." *United States v. McCarson*, 527 F.3d 170, 173 (D.C. Cir. 2008) (internal citations omitted). By virtue of his not guilty plea, the Defendant inherently puts these elements of the offense at issue; indeed, the Defendant's opposition implicitly acknowledges this tension. *See* ECF No. 22, at 4 (acknowledging that 404(b) evidence is appropriate "when the issue involves the actor's state of mind.").

The Defendant's claims of undue prejudice are unfounded. First, absent the plain assertions in his opposition, he has not made a particularized showing of how he would actually be prejudiced at trial. What's more, the law is well settled in the D.C. Circuit that introduction of such evidence relating to possession of firearms and narcotics is permissible to show knowing possession and absence of mistake. *See United States v. Williams*, 507 F. Supp. 3d 181, 191 (D.D.C. 2020) (Nichols, J.), *aff'd sub nom.*, 2023 WL 4377912 (D.C. Cir. July 7, 2023) (collecting cases). Where, as is the case here, there is no "compelling or unique evidence of prejudice," a limiting instruction is "'sufficient' to 'protect a defendant's interest in being free from undue prejudice' by virtue of his prior convictions being put into evidence." *McCarson*, 527 F.3d at 174 (citing *United States v. Cassell*, 292 F.3d 788, 796 (D.C. Cir. 2002)).

In sum, the Government has followed Federal Rules of Evidence 401, 403 and 404(b), as well as controlling law in this jurisdiction in narrowly tailoring evidence of prior bad acts and associated relevant conduct of the Defendant. The evidence detailed in the Government's 404(b)

Notice is probative, permissible, and not unduly prejudicial. It is properly admitted. Should the Court have any doubts about this evidence's admissibility, it may alleviate them by issuing a limiting instruction. *See Williams*, 507 F. Supp. at 191; *see also* Fed. R. Evid. 403 Advisory Committee Notes ("in reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction.").

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar 481052

*/s/ Matthew W. Kinskey*
MATTHEW W. KINSKEY
Assistant United States Attorney
D.C. Bar Number 1031975
United States Attorney's Office
601 D. Street NW
Washington, D.C. 20530
Telephone: 202.252.7649
Email: matthew.kinskey@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on July 7, 2023, a copy of the foregoing was submitted via CM/ECF, which will transmit a copy of this filing to all counsel of record in this case.

*/s/ Matthew W. Kinskey*
Assistant U.S. Attorney