UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 23-cr-135 (DLF) |
| | : | |
| **SAMUEL ROACH,** | : | |
| | : | |
| **Defendant** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, provides this Court with the Government's sentencing recommendation. As more fully explained below, the Government requests that this Court impose a sentence of 21 months' incarceration, which is at the high end of the Guidelines range, followed by a 3-year term of supervised release.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The Defendant, Samuel Roach, pleaded guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

On April 17, 2023, at approximately 8:50 p.m., members of the Metropolitan Police Department's ("MPD") Violent Crime Impact Team were patrolling Southeast, Washington, D.C. and heard nearby gunshots. They drove toward the suspected location of the gunshots, and within a minute of hearing the gunshots, they arrived in the 1500 block of U Street S.E., Washington, D.C. As officers walked down the sidewalk, they saw the Defendant standing next to a silver Hyundai sedan parked on the south side of the street, approximately in front of 1523 U Street S.E.

Officers saw the Defendant reach into the floorboard area of the front passenger seat of the Hyundai, put down an object, close the door, and walk toward the officers. Body-worn camera footage captures the Defendant's actions. At that point, an officer repeatedly asked the Defendant what he had put inside the vehicle, and the Defendant stated "nothing" several times. Another officer then went to the Hyundai, looked through the vehicle's windows, and saw a firearm on the floorboard in the same area where officers previously observed the Defendant's placing an object.

From the front passenger floorboard of the Hyundai, MPD officers recovered a black, .40 caliber, Glock 22 pistol, bearing serial number CPT886. The pistol had one .40 caliber round in the chamber and seven .40 caliber rounds in the magazine. The magazine had a marked capacity of fifteen rounds, leaving space for up to eight additional rounds. The Defendant knowingly possessed this firearm and ammunition.

During a search of the vehicle, officers seized an additional firearm from inside the center console. This firearm was a black and teal, 9mm, Taurus G2C pistol, bearing serial number TMC81716. This firearm had one round of 9mm ammunition in the chamber and twelve rounds of 9mm ammunition in the magazine, which had a marked capacity of twelve rounds.

During their investigation, officers also searched the immediate area surrounding the silver Hyundai and around the intersection of 15th Street S.E. and U Street S.E. From the area, officers seized several spent 9mm and .40 caliber shell casings from the road, which are consistent with the caliber of firearm ammunition contained in the two firearms seized from the Hyundai.

Officers also obtained surveillance camera footage that captured the Defendant's discharging the firearm several times into the air.

A forensic examiner with the Federal Bureau of Investigation's Laboratory assessed the Glock firearm that was recovered from the Hyundai and determined that "very strong support" exists for inclusion of the Defendant's DNA on the firearm. Specifically, "[t]he DNA results from item 1 are 360 septillion times more likely if ROACH and an unknown, unrelated person are contributors than if two unknown, unrelated people are contributors."

There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

The Defendant was previously convicted of robbery in D.C. Superior Court, case number 2016-CF3-12065. In 2017, he was sentenced to 30 months of imprisonment, followed by 3 years of supervised release. At the time the Defendant possessed the firearm and ammunition in this case, he knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

**II.     LEGAL STANDARD**

This Court's duty at sentencing is to "'impose a sentence sufficient, but not greater than necessary, to comply with the purposes' of sentencing." *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007) (quoting 18 U.S.C. § 3553(a)). This Court is required to consider the nature and circumstances of the offenses of the conviction, 18 U.S.C. § 3553(a)(1), as well as the fact that the advisory Guidelines call for a sentence of imprisonment, 18 U.S.C. §§ 3553(a)(3) and (a)(4). This Court is also required to consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C.

3

§ 3553(a)(2)(A). All these factors indicate the need for a sentence of imprisonment and furthermore, the need to impose a sentence at the high end of the Guidelines range.

### III. GUIDELINES CALCULATION

The Government agrees with the Guidelines calculations set forth in the Draft Presentence Investigation Report. (Doc. 34). Specifically, that the Defendant has a Guidelines range of: (1) 15 to 21 months' incarceration for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). (*Id.* ¶ 73).

### IV. ARGUMENT

The Defendant has pleaded guilty to: (1) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Based upon the factors set forth in 18 U.S.C. § 3553(a), a sentence of 21 months' incarceration, which is at the high end of the Defendant's Guidelines range, and a 3-year term of supervised release are appropriate.

#### A. The Nature and Circumstances of the Offense

The Defendant possessed a firearm that he also fired several times into the air in a neighborhood at night. The Defendant's offense places the community, which is facing staggering levels of gun violence, in serious danger. Washington, D.C. had over 200 homicides in each of 2021 and 2022, the highest level since 2003. *See* MPD, *District Crime Data at a Glance.*[1] About

---

[1] https://mpdc.dc.gov/node/197622

82 percent of the 226 homicides in 2021 involved the use of a firearm. *See* MPD, *Annual Report 2021*, at p.27.[2]

Certainly, all instances of gun violence are also instances of gun possession. To be sure, firearm possession by convicted felons is a dangerous crime and only enhances the possibility that ordinary confrontations will turn deadly. Here, the Defendant possessed a loaded firearm and discharged the firearm several times. (Doc. 31 ¶ 19). This Court has found that the circumstances surrounding a defendant's illegal firearm possession were "even more troubling" when the firearm recovered from his person "had a round already chambered." *United States v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020) (Faruqui, M.J.). The discharging of this firearm further escalates the seriousness of the illegal possession.

This Court has noted that "felons with guns may as a class be more likely than non-felons with guns or felons without guns to commit violent acts." *Kent*, 496 F. Supp. 3d at 506 (citing *United States v. Singleton*, 182 F.3d 7, 15 (D.C. Cir. 1999)). Here, the Defendant fired several shots into the air in a residential neighborhood at night, which demonstrates his disregard for the safety of others and "of the law forbidding his possession of a firearm." *United States v. Howard*, No. MAG 20-181 (BAH), 2020 WL 5642288, at *3 (D.D.C. Sept. 21, 2020) (Howell, C.J.). Based upon this serious danger, the Government seeks a sentence of 21 months' incarceration, which is at the high end of the Defendant's Guidelines range.

---

[2] https://mpdc.gov/sites/default/files/dc/sites/mpdc/publication/attachments/AR_2021_FINAL_lowres.pdf

### B. The History and Characteristics of the Defendant

As set forth in the Presentence Investigation Report, the Defendant has a prior conviction for illegally possessing a firearm. (Doc. 34 ¶ 34). He also has multiple arrests for this conduct, which reveals a troubling trend of the Defendant's inability to be deterred from engaging in dangerous criminal conduct involving firearms. Despite accepting responsibility and pleading guilty for his prior firearm offense, the Defendant continues to engage in such conduct, demonstrating his disregard for the law. (*Id.* ¶¶ 34, 39-42). Additionally, his criminal conduct is escalating as he now not only possessed a firearm, but he also fired it into the air several times. Based upon the Defendant's history of possessing firearms, a sentence at the high end of his Guidelines range is warranted.

### C. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Under the totality of the circumstances, a sentence of 21 months' incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a). As noted, the Defendant's offense is serious. Moreover, unlike many other cases involving the illegal possession of a firearm, the Defendant not only possessed the firearm, but he fired it several times into the air, which posed a great danger to others. A sentence at the high end of the Guidelines range accounts for the seriousness of this offense, the need to promote the Defendant's respect for the law, and the requirement to provide just punishment for the offense.

### D. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant

The Defendant's conduct placed members of the public in danger. Despite having a prior illegal firearm conviction and multiple arrests for such conduct, the Defendant again illegally

possessed a firearm. As such, his prior sentence and arrests did not deter him from engaging in such conduct. Moreover, the Defendant now possessed a firearm that he discharged several times into the air in a residential neighborhood, demonstrating his escalating criminal conduct. As such, a sentence at the high end of the Guidelines range is necessary to protect the public from the Defendant and to deter the Defendant from committing further crimes.

## V.     CONCLUSION

For the foregoing reasons, the Government recommends that this Court sentence the Defendant to 21 months' incarceration, followed by 3 years of supervised release. The Government also requests that this Court order forfeiture of the following, pursuant to the plea agreement (Doc. 29):

- A black, .40 caliber, Glock 22 pistol, bearing serial number CPT886; and
- Eight rounds of .40 caliber ammunition

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar 481052

By:   */s/ Sarah J. Rasalam*
SARAH J. RASALAM
Special Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-6743
Sarah.Rasalam4@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2023, I caused a copy of the foregoing to be served on counsel of record via electronic filing.

>/s/ *Sarah J. Rasalam*
>SARAH J. RASALAM
>Special Assistant United States Attorney